IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,352-01




EX PARTE KELLY JAMES MCCARTY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 30842 IN THE 33RD DISTRICT COURT
FROM BURNET COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
indecency with a child. In Count I, he was sentenced to five years’ imprisonment, and in Count III,
he was placed on community supervision for ten years. His appeal was dismissed for lack of
jurisdiction. McCarty v. State, No. 03-09-00378-CR (Tex. App.–Austin 2009, no pet.). 
            Applicant contends that he was denied his right to an appeal. The trial court recommended
that we grant Applicant an out-of-time appeal. We believe that the record is not adequate to resolve
Applicant’s claim. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel,
Richard Davis, and appellate counsel, John Butler, to respond to Applicant’s claim. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant expressed a desire to
appeal his conviction and sentence in Count I.


 If so, the trial court shall make findings of fact as to
whether trial or appellate counsel failed to file a timely notice of appeal. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: September 15, 2010
Do not publish